NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| CAREVEL, LLC, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | No. 2:13-cv-7581 (WHW) |
| | : | |
| ASPEN AMERICAN INSURANCE | : | |
| COMPANY; JOHN and JANE DOES 1-10 | : | |
| (fictitious names) and ABC CORP. (1-10) | : | |
| (fictitious entities), | : | |
| | : | |
| Defendants. | : | |

---

**Walls, Senior District Judge**

Plaintiff moves to remand following removal by Defendant Aspen American Insurance Company ("Defendant"). The motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

### FACTUAL AND PROCEDURAL HISTORY

This action arises from an insurance company's refusal to pay property damage benefits related to damage caused by Super Storm Sandy.

According to the state court complaint, Plaintiff had a policy of insurance with Defendant for its property, 293 Grove Street, Jersey City, New Jersey. Def.'s Notice of Removal Ex. A, State Court Complaint ("Compl."), First Count ¶ 2 (ECF No. 1-1). Plaintiff claims that Super Storm Sandy caused substantial damage to that property and that it properly submitted insurance claims for that damage. Id. ¶ 1, 4.

On November 26, 2012, Plaintiff submitted to Defendant an invoice for charges of $23,130 related to the storm damage. Def.'s Opp'n to Pl.'s Mot. to Remand ("Def.'s Opp'n"),

1

NOT FOR PUBLICATION

Certification of Timothy M. Jabbour ("Jabbour Cert.") Ex. B (invoice from C & E Developers, LLC) (ECF 6-1). Apparently Defendant denied the claim because on February 26, 2013, Plaintiff contacted Defendant about its denial, warning that failure to respond would lead to litigation. *Id.* Ex. A (letter of Carmen Mendiola). On October 29, 2013, Plaintiff filed a civil action before the Superior Court of New Jersey, Law Division, Hudson County, docket number HUD-L-5081-13, against Defendant and fictitious individuals and entities.

The Complaint asserts three counts: the First Count, while unclear, appears to be for breach of contract. The Second Count alleges that Defendant not only failed to promptly effectuate a settlement, but also that it failed even to conduct an investigation to justify its refusal, thus forcing Plaintiff to seek resolution through litigation. Compl. Second Count ¶ 3. Plaintiff believes this amounts to "gross misconduct, bad faith and a breach of defendants' duty of good faith and fair dealing owed to Plaintiff as established by New Jersey's Unfair Settlement Practices Act, N.J.S.A. 17:29B-1 et seq., N.J.S.A. 17B:30-13.1 and N.J.A.C. 11:2-17.1 et seq." *Id.* The Third Count asserts allegations against unknown people and entities "who may have caused and/or contributed to the plaintiff's damage." *Id.*, Third Count ¶ 2. All three counts seek damages, interest and costs of suit; the First and Second Counts also seek attorney's fees; the Second Count seeks punitive damages. Compl. at 3, 4.

On December 16, 2013, Defendant filed notice to remove the case to this Court under 28 U.S.C. § 1446(a) (2006). Def.'s Notice of Removal, ECF No. 1. Defendant alleges that diversity jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse and the damages at issue exceed $75,000. *Id.* ¶¶ 6-9. Plaintiff is a citizen of New Jersey. Pl.'s Mot. to Remand, Certification of Evelyn Padin ("Padin Cert.") ¶ 4 (ECF No. 5). Defendant is incorporated in Texas and has its principal place of business in New York. Jabbour Cert. ¶¶ 4-5.

NOT FOR PUBLICATION

On December 23, 2013, Defendant answered the complaint. ECF No. 3. Among other arguments, Defendant claims that the Policy disclaimed any liability for damages caused by water. Answer at 5, Ninth Affirmative Defense.

On January 12, 2014, Plaintiff filed a motion to remand, which it called "Notice of Opposition to Defendant's Motion to Remove" and which consists primarily of a certification by Plaintiff's attorney. Padin Cert. On January 23, 2014, Defendant responded. Def.'s Opp'n at 3-7.

## STANDARD OF REVIEW

"By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing 28 U.S.C. § 1441(a)). A removal based on diversity jurisdiction requires demonstrating both that the parties are diverse and that the amount in controversy is satisfied. *Id.* (citation omitted). On the other hand, "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" *Boyer*, 913 F.2d at 111 (citations omitted).

## DISCUSSION

Plaintiff argues that removal was improper for two reasons. First, it believes the parties are not diverse because Defendant is considered a citizen of New Jersey for purposes of this suit

NOT FOR PUBLICATION

under the "direct action" exception. *Id.* ¶ 7 (citing 28 U.S.C. § 1332(c)). Second, Plaintiff maintains that the amount in controversy does not exceed $75,000 because the complaint does not indicate any amount of damages and Defendant has not offered proof that the amount is that high. *Id.* ¶ 8. Defendant responds that jurisdiction is proper because the parties are of diverse citizenship and Plaintiff's claim could reasonably exceed $75,000 in damages. Def.'s Opp'n at 2; *see also* Notice of Removal ¶ 9.

## I.     The parties are diverse.

A corporation is normally considered a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is undisputed that Plaintiff is a citizen of New Jersey, Padin Cert. ¶ 4, and that Defendant is incorporated in Texas with its principal place of business in New York, Jabbour Cert. ¶¶ 4, 5. Plaintiff does not dispute this; instead, it contends that Defendant is a citizen of New Jersey because, in "direct actions" against an insurer, a corporation is deemed to be a citizen not only of the states where it has its principal place of business and is incorporated but also of every state of which the insured is a citizen. § 1332(c)(1)(A). The issue turns on the definition of "direct action."

### a)  Definition of "direct action" under 28 U.S.C. 1332(c)

Defendant argues that the term "direct action" "is limited to tort actions in which an injured party brings suit directly against the tortfeasor's insurance company." Def.'s Opp'n at 3. Citing the legislative history of the statute—in a section lifted verbatim, without attribution, from *Walborn v. Chun Szu*, No. 08-cv-6178 (DRD), 2009 WL 983854, at *3-4 (D.N.J. Apr. 7, 2009)—Defendant suggests that this provision was intended by Congress to address only the situation in which the victim and insured both live in one state but a victim must litigate against an insurance company based elsewhere. Def.'s Opp'n at 4.

NOT FOR PUBLICATION

As the Supreme Court has explained, "[a] true 'direct action' suit is '[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 (2009) (quoting Black's Law Dictionary 491 (8th ed. 2004)). The term "does not include suits by an insured against his or her own insurer." *Brooks-McCollum v. State Farm Ins. Co.*, 321 Fed. App'x 205, 208 (3d Cir. 2009) (citing *McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989)). The direct action only lies if "the liability sought to be imposed could be imposed against the insured." *Id.* (quoting *McGlinchey*, 866 F.2d at 653). *Accord Walborn*, 2009 WL 983854, at *3-4 (holding that the "direct action" exception "is best read as eliminating diversity jurisdiction only in tort cases where an injured party brings suit against the alleged tortfeasor's insurer without joining the tortfeasor as a defendant"), *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 335 (D.N.J. 2010) (finding no "direct action" where the "cause of action could only be brought against the insurer" for failure to approve a medical procedure).

**b) Application**

Plaintiff is from New Jersey; Defendant is from Texas and New York. This is not a "tort case[] where an injured party brings suit against the alleged tortfeasor's insurer without joining the tortfeasor as a defendant." *Walborn*, 2009 WL 982854, at *3-4. Instead, it is a straightforward case by an insured against its own insurer, a category of cases which the Third Circuit has explicitly held is not a "direct action" for purposes of 28 U.S.C. § 1332(c). *Brooks-McCollum*, 321 Fed. App'x at 208. The parties are diverse.

## II.   The amount in controversy exceeds $75,000.

Plaintiff also argues that removal is inappropriate because "[t]he Complaint does not state a specified amount of damages, and defendant provides no proof that the amount would exceed

NOT FOR PUBLICATION

$75,000." Padin Cert. ¶ 8. Defendant responds that Plaintiff's claim for entitlement to reimbursement of $23,130 in expenses, plus punitive damages and attorney's fees, puts them over the $75,000 threshold. Def.'s Opp'n at 5-7.

**a) Standard**

As noted, the removing party has the burden to establish federal jurisdiction. *Boyer*, 913 F.2d at 111; *Frederico*, 507 F.3d at 193. Where the complaint does not specifically aver the amount in controversy, but the parties dispute the jurisdictional facts, the analysis proceeds in two steps. *Ciecka v. Rosen*, 908 F. Supp. 2d 545, 551 (D.N.J. 2012) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). First, the defendant must show by a "preponderance of the evidence" that the jurisdictional requirements are satisfied. *Id.*; *see also Frederico*, 507 F.3d at 194 (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). Once the defendant has made this showing, the burden shifts to plaintiff to show to a "legal certainty" that it cannot recover the jurisdictional amount. *Id.*; *see also Frederico*, 507 F.3d at 197.

Determination of the amount in controversy must be based on the complaint at the time the petition for removal was filed. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Id.* (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). The question is whether a reasonable jury could award damages in excess of $75,000. *Id.* at 667. A plaintiff's stipulation after removal that the amount in controversy does not exceed the jurisdictional minimum is "of no legal significance to the court's determination"; what matters is the complaint. *Id.* (citation and quotation marks omitted).

NOT FOR PUBLICATION

Punitive damages and attorney's fees are part of the amount in controversy for this calculation. *Frederico*, 507 F.3d at 198-99. In New Jersey, punitive damages are capped at "five times the liability of that defendant for compensatory damages or $350,000, whichever is greater." N.J. Stat. Ann. § 2A:15-5.14 (2014). For purposes of the amount in controversy calculation, the court assumes this maximum "five times" multiplier. *Frederico*, 507 F.3d at 199. The New Jersey Supreme Court has held that punitive damages are available in a case like this one – an insured alleging bad faith denial or delay of benefits – if the plaintiff can demonstrate "egregious circumstances." *Pickett v. Lloyd's*, 131 N.J. 457, 467, 475 (1993).

### b) Application

Plaintiff's state court complaint demands compensatory damages and punitive damages, with interest, as well as costs of suit and attorney fees. Compl. at 3, 4. It alleges "gross misconduct, bad faith and a breach of defendants' duty of good faith and fair dealing." *Id.* at 3. It does not specifically aver an amount in controversy, so the court will consider this dispute under the preponderance of the evidence standard.

Defendant has attached to its opposition to Plaintiff's Motion to Remand two documents. First, a letter from a lawyer for Carevel, LLC, dated February 26, 2013, addressed to an insurance broker, Brownstone Agency, Inc., with carbon copy to Defendant, regarding denial of claim JPSD04111201 for an invoice dated November 26, 2012. Jabbour Cert., Ex. A (letter of Carmen Mendiola) (ECF No. 6-1). Defendant also attached what looks like that invoice, dated November 26, 2012, which lists charges of $23,130 incurred for various repairs and cleanup costs at 293 Grove Street, Jersey City, New Jersey, the address of the subject property in this suit. *Id.*, Ex. B (invoice from C & E Developers, LLC dated Nov. 26, 2012) (ECF No. 6-1).

For jurisdictional purposes only, it suffices at this preliminary stage to consider the $23,130 amount to be a fair assessment of potential compensatory damages. Under *Frederico*

7

NOT FOR PUBLICATION

and New Jersey's punitive damages statute, the Court will consider that Plaintiff's punitive damages could rise as high as five times its compensatory damages, which means a jury could return punitive damages of as much as $115,650. 507 F.3d at 198-99, N.J. Stat. Ann. § 2A:15-5.14. This satisfies the Court that the jurisdictional facts are satisfied by a preponderance of the evidence.

Plaintiff, in its motion for remand, asserts that "[t]he Complaint does not state a specified amount of damages, and defendant provides no proof that the amount would exceed $75,000." Padin Cert. ¶ 8. Plaintiff is right that the complaint does not specifically aver damages of $75,000, but removal can be proper even when that is the case if the other conditions are satisfied. *Ciecka*, 908 F. Supp. 2d at 551. Defendant has provided proof that the amount would exceed $75,000, namely Plaintiff's invoice for $23,130 coupled with Plaintiff's claim for punitive damages. Plaintiff does not dispute that this invoice is what Defendant says it is. It does not even assert that damages will not exceed $75,000, only that the complaint does not claim this. This does not demonstrate to a "legal certainty" that damages will not exceed $75,000. *Id.*; *Frederico*, 507 F.3d at 197.

The amount in controversy requirement is satisfied for purposes of removal.

NOT FOR PUBLICATION

## CONCLUSION

Because the parties are diverse and a reasonable jury could award damages in excess of $75,000, this Court has diversity jurisdiction over this case. Plaintiff's motion to remand is denied.


May 14, 2014

                                              /s/  **William H. Walls**_____
                                              United States Senior District Judge