NOT FOR PUBLICATION                                                      CLOSE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAREVEL, LLC, | : |
| | : |
| Plaintiff, | :    **OPINION** |
| | : |
| v. | :    No. 2:13-cv-7581 (WHW) |
| | : |
| ASPEN AMERICAN INSURANCE | : |
| COMPANY; JOHN and JANE DOES 1-10 | : |
| (fictitious names) and ABC CORP. (1-10) | : |
| (fictitious entities), | : |
| | : |
| Defendants. | : |

**Walls, Senior District Judge**

Defendant moves for summary judgment against Plaintiff Carevel, LLC under Fed. R. Civ. P. 56(a). ECF No. 26. The motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is granted.

### FACTUAL AND PROCEDURAL HISTORY

This action arises from an insurance company's refusal to pay property damage benefits related to damage caused by Superstorm Sandy. The Parties agree on the vast majority of the facts underlying this case.

### I.   The Insurance Policy

Aspen American Insurance Company issued an insurance policy to Carevel, LLC under Policy No. 0003674-001 for Plaintiff's property at 293 Grove Street, Jersey City, New Jersey for the period running from February 9, 2012 to February 9, 2013. Priestley Aff., Exs. 1, 3–5, ECF Nos. 27-1, 27-3–27-5. The insurance policy states that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or

1

resulting from any <u>Covered Cause of Loss</u>." *Id.*, Ex. 3, ECF No. 27-3 at 1 (emphasis added). The

Policy's Causes of Loss Special Form lists the causes of loss that were excluded from the Policy.

*Id.*, Ex. 4, ECF No. 27-4 at 1. Section B.1.g. of the Causes of Loss Special Form lists four

excluded causes of loss related to water damage. *Id.* But Section B.1.g. was modified by an

Endorsement, which provides Plaintiff coverage for one of the usually excluded causes of loss:

water damage due to water that backs up of overflows from a sewer, drain, or sump. *Id.*, Ex. 5,

ECF No. 27-5 at 1. The applicable language of the Endorsement is:

> **A.** We will pay for direct physical loss or damage to Covered Property . . . caused
> by or resulting from Water which:
>   1. Backs up through or overflows from a sewer or drain; or,
>   2. Overflows from a sump, even if the overflow results from mechanical
>      breakdown of a sump pump or its related equipment.

*Id.*

       Endorsement Section D modified the Policy's Causes of Loss Special Form Section

B.1.g. to reflect Plaintiff's water back-up and sump overflow coverage. *Id.*; Def.'s Statement of

Material Facts, ECF No. 26-2 ¶ 8; Pl.'s Statement of Material Facts, ECF No. 30-1 ¶ 8. The

resulting effective water exclusion language is:

> **B.  Exclusions**
>   1. We will not pay for loss or damage caused directly or indirectly by any
>      of the following. Such loss or damage is excluded regardless of any
>      other cause or event that contributes concurrently or in any sequence
>      to the loss.
>      . . . .
>         **g. Water**
>         (1) Flood, surface water, waves, tides, tidal waves, overflow of any
>         body of water, or their spray, all whether driven by wind or not;
>         (2) Mudslide or mud flow; or
>         (3) Water under the ground surface pressing on or flowing or
>         seeping through:
>                 (a) Foundations, walls, floors or paved surfaces
>                 (b) Basements, whether paved or not; or
>                 (c) Doors, windows or other openings.

Priestley Aff., Ex. 4, ECF No. 27-4; *Id.*, Ex. 5, ECF No. 27-5 at 1.

NOT FOR PUBLICATION                                                         CLOSE

Subject to the various terms and conditions, the Policy issued by Defendant provides for

limits of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate, as applicable.

*Id.*, Ex 1; ECF No. 27-1 at BCG 0017 09 11. The Endorsement provides coverage for water

back-up and sump overflow in the amount of $250,000. *Id.* at BIL 0002 0911.

## II.      Plaintiff's Insurance Claim

Plaintiff claims that Superstorm Sandy caused substantial damage to its covered property

and that it properly submitted insurance claims for that damage. Def.'s Notice of Removal Ex. A,

State Court Compl., ECF No. 1-1 ¶¶ 1, 4. On November 15, 2012, Plaintiff filed two Property

Loss Notice forms. Priestley Aff., Ex. 2, ECF No. 27-2. One form describes the loss and damage

to 293 Grover Street as "Flood damage due to Hurricane Sandy" and the other describes the

damages as "Water damage due to Hurricane Sandy." *Id.* at 1,3. On November 26, 2012,

Plaintiff submitted a list of damages incurred and two invoices for remediation work. *Id.*, Ex. 8,

ECF No. 27-8. The list of charges allegedly related to the storm damage totaled $23,130. *Id.*

Plaintiff also submitted two invoices to Defendant. *Id.*, Ex. 9, ECF No. 27-9. One invoice is

dated October 29, 2012 and the other November 12, 2012. *Id.* Both invoices were generated from

a company named Brother's Sewer & Heating. *Id.* The invoices are for restoration and repairs,

and the replacement of two boilers and one water heater. *Id.* The cause of the damage is not

specified on the invoices. *Id.*

Soon after Plaintiff filed its Property Loss Notices, Defendant retained the services of

RJS Adjustment Corporation (RJS), which conducted an investigation and an inspection of

Plaintiff's premises and the alleged damage. Def.'s Statement of Material Facts, ECF No. 26-2 ¶

9. On November 30, 2012, RJS issued a status report based in its investigation. Priestley Aff.,

Ex. 7, ECF No. 27-7. This report noted: "[a]s a result of our inspection and information obtained,

the damage to the insured's premises was due to flooding." *Id.* On December 28, 2012, Brownstone Agency, Inc. the program administrator handling claims on behalf of Defendant, issued a declination of coverage to the Plaintiff because it was determined that Plaintiff's claim was not covered under the terms and conditions of the Policy. *Id.*, Ex. 10, ECF No. 27-10. In this letter, Defendant invited Plaintiff to submit any additional documents that might impact the declination of coverage determination. *Id.* On January 7, 2013, Plaintiff submitted a letter through its attorney disputing the denial of coverage and appealing the decision. *Id.*, Ex. 11, ECF No. 27-11. This letter did not provide any additional documents in support of Plaintiff's claim. *Id.*; Pl.'s Statement of Material Facts, ECF No. 30-1 ¶ 15.

On February 26, 2013, RJS submitted its final report on Plaintiff's insurance claim to Defendant. Priestley Aff., Ex. 7, ECF No. 27-7. The report noted that the insured advised the investigator that "as a result of flooding in the area, water did back up through various sewers and drains causing damage to the mechanicals located in the basement consisting of boilers and heaters." *Id.* But the report concluded that the fact that the insured had to replace the steel overhead gates on the property indicated that surge waters, not back-up of sewers and drains, were responsible for the damage. *Id.*

### III.    The Present Lawsuit

On October 29, 2013, Plaintiff filed a civil action before the Superior Court of New Jersey, Law Division, Hudson County, docket number HUD-L-5081-13, against Defendant and fictitious individuals and entities. Compl., ECF No. 1-1. The Complaint asserts three counts: the First Count charges Defendant with breach of contract. *Id.* at 1–3. The Second Count alleges that Defendant committed "gross misconduct" by failing to conduct an investigation to justify its refusal of Plaintiff's claim and refusing to promptly effectuate a settlement of Plaintiff's claim.

NOT FOR PUBLICATION                                                          CLOSE

Compl. ECF No 3–4. The Second Count further alleges that Defendant acted in bad faith and

breached its duty of good faith and fair dealing as established by New Jersey's Unfair Settlement

Practices Act, N.J.S.A. 17:29B-1 et seq., N.J.S.A. 17B:30-13.1 and N.J.A.C. 11:2-17.1 et seq."

*Id.* The Third Count asserts allegations against unknown people and entities "who may have

caused and/or contributed to the plaintiff's damage." *Id.* at 4. Plaintiff seeks damages, interest

and costs of suit on all three counts. *Id.* Plaintiff seeks attorney's fees under the First and Second

Counts and punitive damages for Plaintiff's bad faith, which is alleged in the Second Count. *Id.*

at 3, 4.

      On December 16, 2013, Defendant filed notice to remove the case to this Court under 28

U.S.C. § 1446(a) (2006). Def.'s Notice of Removal, ECF No. 1. Defendant alleged that diversity

jurisdiction was proper under 28 U.S.C. § 1332 because the parties are diverse and the damages

at issue exceed $75,000. *Id.* ¶¶ 6–9. Plaintiff is a citizen of New Jersey. Pl.'s Mot. to Remand,

Certification of Evelyn Padin ("Padin Cert."), ECF No. 5 ¶ 4. Defendant is incorporated in Texas

and has its principal place of business in New York. Jabbour Cert. ¶¶ 4-5.

      On December 23, 2013, Defendant answered the complaint. Answer, ECF No. 3. Among

other arguments, Defendant asserted in its Answer that the Policy disclaimed any liability for

damages caused by certain types of water. Answer at 5, Ninth Affirmative Defense.

      On January 12, 2014, Plaintiff filed a motion to remand (which it called an "Opposition

to Defendant's Motion to Remove"), arguing that the case did not meet the amount in

controversy requirements of 28 U.S.C. 1332(b). ECF No. 5. The Court denied Plaintiff's remand

motion on May 14, 2014. ECF Nos. 9–10.

      On July 27, 2016, Defendant filed the present Motion for Summary Judgment. ECF No.

26. Defendant makes four primary arguments: (1) that the damages alleged to have been incurred

by Plaintiff are excluded from coverage under the insurance policy; (2) that Defendant did not

act in bad faith because Plaintiff's insurance claim was fairly debatable; (3) that there is no

private cause of action for alleged violations of the Unfair Claims Settlement Practices Act; and

(4) that even if Plaintiff has established a covered claim under its insurance policy, it has not

established the alleged damages. ECF No. 26. In its opposition, Plaintiff responds that (1)

summary judgment is inappropriate because it has demonstrated coverage for its losses; (2)

Defendant acted and continues to act in bad faith by improperly denying Plaintiff's insurance

claim; and (3) Plaintiff has sufficiently proven its damages. Opp. Br., ECF No 30-2. Plaintiff

relies entirely on the exhibits submitted by Defendant to support these arguments. Briefing on

the motion was completed on October 31, 2016. Reply Br., ECF No. 31. The Parties cite much of

the same case law in support of each of their arguments and agree on most of the pertinent facts.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a

motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A

disputed fact is material where it would affect the outcome of the suit under the relevant

substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational

trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of

material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried

this burden, the non-movant "must do more than simply show that there is some metaphysical

doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus.*

6

NOT FOR PUBLICATION                                                    CLOSE

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Each party must support its position

by "citing to particular parts of materials in the record . . . or showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed

in the light most favorable to the nonmoving party only if there is a genuine dispute as to those

facts. *Scott*, 550 U.S. at 380. At this stage, "the judge's function is not . . . to weigh the evidence

and determine the truth of the matter." *Anderson*, 477 U.S. at 249. "[W]here the nonmoving

party bears the burden of proof, it must by affidavits, or by the depositions and admissions on

file make a showing sufficient to establish the existence of every element essential to that party's

case." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir. 1988) (quoting *Equimark Commercial Fin.*

*Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 142 (3d Cir. 1987) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986))) (internal quotation marks omitted).

## DISCUSSION

### I.   **Plaintiff's Coverage Under the Aspen Policy**

Plaintiff's First Count accuses Defendant of failing to pay property damage benefits owed

to Plaintiff under an insurance contract. Compl., ECF No. 1-1 at 1–3. The essence of the dispute

is the Parties' disagreement as to whether damage to Plaintiff's property, which was caused by

Superstorm Sandy, is covered under the insurance policy issued by Defendant. Because Plaintiff

has not furnished sufficient evidence to establish a genuine dispute of material fact and

Defendant is entitled to judgment as a matter of law, Defendant's motion for summary judgment

is granted. Fed. R. Civ. P. 56(a).

An insurance policy should be interpreted according to its plain meaning. *Benjamin*

*Moore & Co. v. Aetna Cas. & Sur. Co.*, 179 N.J. 87, 102 (2004). In the absence of ambiguity,

courts should not write the insureds a better policy than the one purchased. *See Vassiliu v.*

*Damier Chrysler Corp.*, 178 N.J. 286, 293 (2004) (quoting *Zacarias v. Allstate Ins. Co.*, 168 N.J.

590, 595 (2001)). Of course, "[w]hen there is doubt . . . regarding the existence of coverage, that

doubt is ordinarily resolved in favor of the insured." *Id.* (citing *Owens–Illinois, Inc. v. United*

*Ins. Co.*, 138 N.J. 437, 471 (1994)). A genuine ambiguity only exists "where the phrasing of the

policy is so confusing that an average policyholder cannot make out the boundaries of coverage."

*Zacarias*, 168 N.J. at 598. If a genuine ambiguity exists, courts may apply the test of the

objectively reasonable expectation of the insured. *Id.* The insured bears the burden of

establishing that coverage exists under the insurance policy and the carrier bears the burden of

establishing that a claim falls within a policy's exclusions. *Reliance Ins. Co. v. Armstrong World*

*Indus., Inc.*, 292 N.J. Super. 365, 377 (App. Div. 1996).

      The insurance contract at issue here is not ambiguous. Aspen American Insurance

Company Policy No. 0003674-001 (February 9, 2012 to February 9, 2013) clearly covers

damage from water that backs up or overflows from a sewer, drain, or sump, Priestley Dec., Ex.

5, ECF No. 27-5 at 1, or damage caused by "rain, hail, sleet or snow entering any building or

structure through open or defective roofs; gutters or spouting; or walls, doors, windows,

skylights, transoms or ventilators," *id.*, Ex. 1, ECF No. 27-1 at BCG 0005 09 11. The Policy does

not cover water damage caused by flood, surface water, or "overflow of any body of water." *Id.*,

Ex. 5, ECF No. 27-5 at 1.

      Instead, the disputed issue is what caused Plaintiff's property damage. Plaintiff contends

that the property damage was caused by water backing up or overflowing from a sewer, drain, or

sump. Pl.'s Br., ECF No. 30-2 at 6–7. If that was the cause, the damage is clearly covered under

the contract. Defendant claims that the water damage was caused by flooding, which is clearly

excepted from the contract. Def.'s Br., ECF No. 26-1 at 6. The Policy does not cover any damages which would not have occurred in the absence of one or more of the excluded events. Priestley Aff., Ex. 4, ECF No. 27-4 at 1–2. So, if Plaintiff's damages were concurrently caused by both flooding and overflow water from the premises' drainage system, Plaintiff is not covered for that damage. To establish covered damages, Plaintiff has to demonstrate that the back-up flow directly, and solely, caused the damages. *See Grossberg v. Chubb Ins. Co. of New Jersey*, No. A-3724-10T4, 2012 WL 3553002, at *6 (N.J. Super. Ct. App. Div. Aug. 20, 2012).

As previously stated, Plaintiff bears the burden of demonstrating a genuine issue of material fact that the property damage suffered is covered under the Policy. Plaintiff has failed to meet this burden. In support of its claim, Plaintiff only provides the invoices and proofs of payment for the repair work completed on Plaintiff's property. Def.'s Statement of Material Facts, ECF No. 30-1 ¶ 12. While one invoice appears to say, "emergent sewer drainage" in a box marked "Description of Work," this evidence alone is hardly sufficient to survive summary judgment. The invoice only indicates that Brother's performed work on the drain. Nothing about the invoice suggests that Brother's was determining the cause of Plaintiff's damages. Plaintiff has provided no additional evidentiary support to support its claim to coverage under the Policy. *See Stiso v. State Farm Fire & Cas. Co.*, No. 13-5741 (FLW), 2015 WL 7296081, at *5 (D.N.J. Nov. 18, 2015) ("Plaintiffs have not provided any evidentiary support — other than their own say-so — that would show that the damages for which they now seek payment were caused "solely" by water or sewage that entered through a drain in their house.").

By contrast, Defendant has submitted a report from its hired claims investigator, RJS, which establishes that Plaintiff's loss was "due to flooding of the nearby waterways." Priestley Dec., Ex. 7, ECF No. 27-7 at 3. The conclusions in this report were based on facts collected

NOT FOR PUBLICATION                                                          CLOSE

through a site inspection and interviews with Plaintiff. *Id* at 2–4. The report considers and rules

out both of Plaintiff's asserted grounds for its water damage claim under the Policy. *Id.* Plaintiff

has not proffered its own expert or offered any evidence to refute these conclusions. *See Stiso*,

2015 WL 7296081, at *9 (granting summary judgment in an insurance dispute based on

Defendant's expert alone when "Plaintiffs have not offered any evidence or expert opinion" in

response to Defendant's expert).

It follows that Plaintiff has failed to establish its *prima facie* case for breach of the Policy

and Defendant has established that Plaintiff's claimed losses fall within one of the Policy's

exclusions. Defendant's motion for summary judgment is granted on Plaintiff's breach of

contract claims.

### II.    Plaintiff's Bad Faith Claim

The Second Count of the Cmplaint charges Defendant with bad faith and breach of its

duty of good faith and fair dealing. Compl., ECF No. 1-1 at 3–4. Plaintiff claims that Defendant

(1) did not attempt to effectuate a prompt, fair, and equitable settlement where responsibility was

not at issue and "it was reasonably clear that full benefits were payable;" (2) "refus[ed] to pay []

[P]laintiff's claim without conducting a reasonable investigation;" and (3) forced Plaintiff to

litigate to recover the amounts due under the policy. *Id.*

To prevail on a claim against an insurance company for breach of the duty of good faith

and fair dealing, the plaintiff must show that the insurance claim in dispute was not "fairly

debatable." *Pickett v. Lloyd's*, 131 N.J. 457, 473 (1993). The *Pickett* Court adopted the language

and reasoning of *Bibeault v. Hanover Ins. Co.*, 417 A.2d 313, 319 (R.I. 1980), which instructs:

"[t]o show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for

denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of

NOT FOR PUBLICATION                                                    CLOSE

a reasonable basis for denying the claim." *Id.* (quoting *Anderson v. Continental Ins. Co.*, 85

Wis.2d 675, 691 (1978)). "[T]he knowledge of the lack of a reasonable basis may be inferred and

imputed to an insurance company where there is a reckless . . . indifference to facts or to proofs

submitted by the insured." *Id.* (quoting Anderson, 85 Wis.2d at 693).

      Here Plaintiff only provided invoices, an itemized bill for the repair work performed, and

corresponding proofs of payment in support of its insurance claim. Pl.'s Statement of Material

Facts, ECF No. 30-1 ¶ 12. None of these documents provides evidence that the damage to

Plaintiff's property occurred as a result of water backup and sump overflow as opposed to

flooding. In addition, these documents do nothing to contradict the conclusions of RJS, which

conducted an investigation and an inspection of Plaintiff's premises in order to determine the

cause of the reported damages. Def.'s Statement of Material Facts, ECF No 26-2 ¶ 9. There is

nothing evidential to suggest that Defendant lacked a reasonable basis for denying Plaintiff's

claim or that Defendant had knowledge of or showed a reckless disregard of the lack of a

reasonable basis for denying the claim. Summary judgment is therefore granted on the Second

Count of the Complaint.

**III.     Plaintiff's Claim Under the Unfair Claims Settlement Practices Act**

      As part of the Second Count of Plaintiff's Complaint, Plaintiff alleges that Aspen violated

provisions of New Jersey's Unfair Claims Settlement Practices Act, N.J.S.A. 17:29B-1 *et seq*.

(UCSPA), Notice of Removal, Ex. A, ECF No. 1-1 at 3. Defendant argues that there is neither

evidence that it violated the USCPA nor a private cause of action under the Act, so the Court

should enter judgment in its favor on this claim. ECF No. 26 at 8. Plaintiff does not respond to

Defendant's argument that there is no private cause of action under the USCPA. Instead, Plaintiff

appears to invoke the USCPA to try to establish that Defendant is acting in bad faith. Opp. Br.,

NOT FOR PUBLICATION                                                    CLOSE

ECF No. 30-2 at 8. Because there is no private cause of action under the Unfair Claims

Settlement Practices Act, N.J.S.A. 17:29B–4(9), *see ProCentury Ins. Co. v. Harbor House Club*

*Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 563 (D.N.J. 2009) (citing *Pierzga v. Ohio Cas. Group*

*of Ins. Companies*, 504 A.2d 1200, 1204 (N.J.Super.Ct.App.Div.1986), Plaintiff's Second Count

is dismissed to the extent that it can be construed as asserting a cause of action under the

USPCA.

## CONCLUSION

  For the reasons stated above, Defendant's Motion for Summary Judgment is granted. An

appropriate order follows.

DATE: *15 November 2016*

             William H. Walls

             Senior United States District Court Judge